Judge Buckner
delivered the opinion of the court.
In 1803, Thomas Sneed died, in-the county of Mercer,intestate, and without children, leaving several brothers and sisters, his heirs at Jaw, and distributees. In December of that year, letters of administration, of his estate, were regularly granted to Sarah Sneed,, his widow, who with Achilles Sneed, (who was her brother,) and others, executed bond, as required, by law, and was duly qualified. Thomas Sneed owned and possessed at the time of his death, several slaves, male and female. In 1805, Achilles Sneed, purchased from said heirs and distri-butees, their respective interests in the estate of Thomas Sneed,deceased, and received from them writings evidencing the transfers thereof. The admin-istratrix, to whom there does not appear to have been made any assignment of dower, retained possession of the slaves, until her intermarriage with the appellee, Bartlett, in 1808. From that period, they and their increase remained in the joint possession of herself and husband, until her death, which- occurred in April 1825; and from that time the appellee has retained possession of them. Achilles Sneed died in Sep-imber 1825; and-the appellant, having administered - his estate, instituted an action of detinue against rtlett, to recover the slaves aforesaid, which was d upon the general issue. The plaintiff having. *21 proved the above recited facts, closed his evidence, and thereupon the court, at the instance of the defendant, instructed the jury, as in case of a non-suit, to which Munsell excepted. The cause was submitted to the jury. A verdict for the defendant was returned; whereupon Munsell made a motion for a new tria!, which was overruled, and judgment entered, in-pursuance of the verdict.; from which he has appealed, and assigned for errors, that the court improperly instructed the jury, as in case of a non-suit, and erred-also in refusing to grant a new trial.
An heir cannot maintain an ai'iiuti in his own name lor tile recov - ery of slaves belonging to the e-tate of his ancestor, without having previously obtained the assent of the ad minis - trator.
Slaves are assets in the handsof the administrator and he may sell them for the payment of the debts of his intestate, it it be necessary to do so.
The lapse of 20 years, from the grant of administration, is not sufficient, of itself, to raise tion*1 ttmuhe aumim--Wor ha*. consented trouters ma" take the may slaves which iniestate’s'ef6 tme.
*21 We suppose, that in giving the instruction to the jury, the court was influenced, by an opinion that the appellant had not produced any evidence, showing that the administratrix of Thomas Sneed, deceased, had consented that Achilles Sneed, or those under whom he claimed, should take the slaves in controversy.
The law is certainly fully established, that an heir cannot maintain an action, in his own name, for the recovery of slaves belonging to the estate of his ancestor, without having previously obtained the assent of the administrator. They are assets in the hands of the administrator, and for the payment of the debts of his intestate he may sell them, if it be necessary to do so. See the case of Woodyard’s heirs vs. Threlkeld, I Mar., 10; and that of Thomas vs. White, &c. III Litt. 177. The instruction of the court was therefore correct, unless from the evidence on the part of the appellant, the jury would have been authorized to infer, (for it is not pretended that there was any positive proof of it,) that the administratrix of Thomas Sneed had consented, that the distributees, or Achilles Sneed who claimed under them, should take the slaves.
It has been contended, in the argument, that the assent of an administrator must be presumed, after the lapse of twenty years, from the time that letters of administration were granted; that a jury may, at all events, rationally draw such an inference, from the lapse of such time only; because it would baraii personal actions, and by its own force pay all debts. This position has not been supported by the citation of any authority; nor can the argument be-sustained upon principles of reason, however plausible it may *22 -be. It is true, that to authorize an instruction, as u« case norl'SU¡t, it must appear, admitting the testimony to be true, and every inference which is fairly deducible from it, that the plaintiff has still failed to bis claim; but the jury must not be permitted (o lndult;e wdd and irrational conjectures. The personal estate of an intestate devolves on an admihis-trator, to be applied, in the first place, as far as may be necessary, to the payment of debts; and he cannot, regarding either his safety or duty, permit the distri* batees to take possession of it, until he has paid those debts, or satisfied himself that, independently of the, property so taken, he has a sufficiency in his hands, to meet all claims which can be enforced against thees-wbich he bus undertaken to administer. Indeed, sued to compel distribution, it cannot be properly decreed, except upon the execution of a bond with approved surety^, by the distributees, to refund if it s‘'ou‘d become necessary, for such a purpose: being* liable out of his own estate, if he does not faithfully administer the assets of his intestate’s estate, the Payment debts is a matter in which he is deeply interested; and the law will not compel him to part with the assets, nor permit others to sue and recover ^le value of them, without'his assent, from those who raay have them in possession. With respect to the propriety of giving such consent, he, as between himself and the distributees, must be the exclusive judge. J °
Nor can aju-years fro•« the grant of admiun tia. ali' i'f'r that tne a ¡minia-tratir has that th^dis-trioutees ■should take whictf'belon to the estate^ of the intes-
„ . To authorize an instruc-of a non-suit*, it must ap- ’ pear, admit-tÍn n “Thf true and every inference r^fidiíciUe"" from it, that the plaintiff tosn^'iortMa elabn.P°r W
When an ad-«.rihution, it ■«annot b,e propirlj decreed, except uPon theexe. bond with*.», curity by the distributee,to gbalíbecome necessary, for the payment
*22 If jt be improperly withheld, the persons entitled to *be property may resort to a court of chancery, and there find redress. There, and there only, the whole matter can be properly enquired into; where the ad-ministra tor will be forced to do them justice, upon their securing him against responsibility. It is true, that when the debts are all paid, it is the duty of an admit)4 ^stra<:ori (upon the execution of'a refunding bond, as üis called.) to make distribution of the estate; and to consent that suits, if necessary, may be prosecuted by distributees, against those who have propeity of ^1R estate in possession, to which they are entitled. But to permit them to do it without proof of such con* 8ent, or Up0„ an inference that it was given, growing-a b‘Pse even twenty years from the granting ofletters of administration, would not only be hazard-©us, but might often prove ruinous, to the administra *23 ■tor. For it is not true, that in no case whatever, can a recovery be effected, against an administrator, after a lapse of suca time from the period of granting hid letters of administration. Many eases m iy be put, in which a claim against the estate oí his would not necessarily be barred,
but (he'adminisn istrator can í“*)for,t¿ir re” sctswhkhbe* long to an intfiState’s es-by^he eon-* sentofthcad-ministrator.
If an admin-istrator innhohThis as-1** senttoadis-tribution of 'i\eJt“ete’s ^a'^e-OTYto acourt”of ° chancery, whe.re d>e ad. ™jii'be oom-pelkd to do them justice, "crin^hTn/a-gainst respoii-"ibilitj.
^b™arj!eai| pa¡(|juisth8 duty of the administrator cation of are-fun,ling b -nd, to make (ii.---tribution,and to corn-cut that suits, if necessary, may be prosecuted by the distributee1, against those whohavepro-perty of the estate in possession, to which they are entitled. Without the execution oí a refunding bond by the distributees, it is not the duty of an administrator to consent, that the distribu-tees may sue for property of tbe estate.
*23 If*t be a debt due bv bond, twenty years is not a positive bar. From the lapse of time, payment may be presumed; bu! it is a presumption merely, which may be rebutted by proof. Whether there were any demands against the estate of Thomas Sneed, deceas ed, when this suit was instituted, involves an enquiry, which could not have been properly investigated upon its trial. But whether there'were or not, rausti placing the case in the most favorable point of view for Munsell, depend* on presumption; and however strong the presumption in his favor may be, cannot affect the law applicable- to the case. Suppose an administrator, in conversing on the subject of bis intestate’s estate, should declare,.that he did not believe there were any debts due by, or demands against, it. Could a jury, from that isolated fact, rationally infer, that he had given his consent, that the distributees •should sue for property or money belonging to the estate, without the execution of any refunding bond, er that a refunding bond had been executed. Such an inference would, in many cases, be inconsistent with the truth of the case, and might unjustly involve him to a ruinous extent. ' ■
Without such a bond, it would not be his duty to give his consent; and surely the law ought not to indulge an inference, from mere lapse of time, which might ruin him. A chancellor in some cases, considers that as done, which should have, been done; but that doctrine cannot apply to a case like this. It may be made to appear most satisfactorily, that an administrator ought to distribute, or to give his consent for the distributee to sue others; yet’he may obstinately refuse, and can be compelled in a court of equity only, to do them justice; where the chancellor will take care to have him secured against the danger of loss, ■previous to his yielding the property or money of his 'intestate. What effect, proof that Mrs. Bartlett had given her consent, that after her death, Achilles Sliced *24 might take the slaves, would have, as he did not take possession, and how far an administrator de bonis non, might claim the right, after her death, to withdraw such consent had it been given, is a point not presented, because there was no such proof; and in the absence of proof relating to it, the jury could not be justified, in inferring, first, that ail the debts o¡^Tbo-mas Sneed. deceased, had been paid; secondly,boat in consequence thereof, Mrs. Bartlett had agreed, that after her death, her brother might take the slaves; and thus, by building presumption on presumption, conclude that the appellant had made out his cause of action. We do not wish to be understood as intimating any opinion, as to what effect, in any future litigation on the subject, the long possession of the appellant and wife may have on jhe rights of the parties; nor is it necessary now to determine of what character, in such an event, the possession should be considered.
Dissent,
Mills aud Brown for appellant; Monroe for appellee.
On the whole case, we are satisfied that the circuit court did not err in the instruction given. The motion for a new trial was, therefore, properly overruled.-
The judgment of the circuit court must be affirmed, with costs; the chief justice dissenting.